## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JACOB E. NICHOLS,

   Plaintiff,

vs.             No. CV 18-00255 RB/SCY

THE GEO GROUP, J. BOWEN,
DONALD VIGIL, CAPT. MEDINA,
LT. BEATTY, C. BAKER, A. DURAN,

   Defendants.

### FINAL MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint and Amended Prisoner's Civil Rights Complaint filed by Plaintiff Jacob E. Nichols. (Docs. 1, 5.) The Court previously dismissed the Complaint and Amended Complaint without prejudice and granted Nichols leave to file a second amended complaint. (Doc. 6.) Nichols has failed to file a second amended complaint within the time granted by the Court. Therefore, the Court will now dismiss the Complaint and Amended Complaint with prejudice and will enter judgment.

Plaintiff Jacob E. Nichols filed a Prisoner's Civil Rights Complaint asserting claims under 42 U.S.C. § 1983 and naming, as Defendants, the Geo Group, J. Bowen, Donald Vigil, Cpt. Medina, Lt. Beatty, C. Baker, and A. Duran. (Doc. 1 at 1.) Nichols claimed to be a member of the Asatru faith and alleged that on January 26, 2018, prison officials conducted a facility-wide shakedown. During the shakedown, his Asatru prayerbook was taken and Defendants denied its return both at the time of the shakedown and afterwards. (*Id.* at 4.) Nichols set out two claims: (1) denial of First Amendment freedom of religion rights; and (2) violation of Eighth Amendment rights (deliberate indifference). (*Id.* at 4–5.)

Nichols filed both informal and formal grievances claiming that a notebook containing religious materials was confiscated and not returned because it is considered contraband. (*Id.* at 4, 7–13.) In a subsequent response to his formal grievance, prison officials indicated that he would be receiving any religious materials back, but not the notebook. It is not clear from the record whether any religious materials were returned or whether the notebook was lost or discarded. (*Id.* at 10–13.)

Nichols submitted an amendment to his Complaint. (Doc. 5.) He stated that the taking of his prayer book prevented him from using it in daily prayer with readings and practicing unspecified rituals that he claimed were written in the prayer book. (*Id.* at 2.) He also claimed that the inability to form a prayer group has caused him undue stress and discomfort. (*Id.* at 3.) His amended prayer for relief sought $50,000 compensatory damages, $20,000 punitive damages, court costs, filing fees, attorney fees, equitable relief, and a letter of apology from non-party New Mexico Department of Corrections. (*Id.* at 5–6.)

The Court entered a Memorandum Opinion and Order on December 2, 2020, dismissing all claims for failure to state a claim for relief. (Doc. 6.) The Court concluded that the Complaint and Amended Complaint fail to state a First Amendment, Eighth Amendment, or 42 U.S.C. § 1983 claim for relief. (*Id.* at 5–10.) The Court also granted Nichols leave to file another amended complaint to remedy the defects in his pleadings within 30 days. (*Id.* at 10–11.) More than 30 days has elapsed, and Nichols has not filed an amended complaint or communicated with the Court.

Nichols's claims were brought under 42 U.S.C. § 1983. (Doc. 1 at 1.) In dismissing his claims, the Court concluded that Nichols failed to state a claim for relief under 42 U.S.C. § 1983. (Doc. 6 at 5–7.) First, the Court determined that Nichols made generalized allegations that his prayerbook was taken and return was denied by Wardens Brown and Vigil, as well as Capt.

Medina, Cecilia Baker, and A. Duran, but the Complaint and Amended Complaint did not contain factual allegations setting out the individualized actions of each Defendant or specifically how the actions of any Defendant violated Nichols's constitutional rights. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Nor did they contain any factual allegations regarding Defendant Geo Group. (Doc. 6 at 5–7.) The generalized allegations do not state a § 1983 claim for relief.

Second, the Court ruled that Nichols did not state a claim for violation of his First Amendment Rights for several reasons. (*Id.* at 7–9.) The claims fail because he had not shown that his right to practice his religion was substantially burdened by a prison regulation. (*Id.* at 7–8.) He identified no prison rule or regulation that affected his ability to worship and, in the absence of any identified regulation, his Complaint and Amended Complaint fail to state a First Amendment claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). (*See also* Doc. 6 at 7–9.)

Further, his allegations did not show any act that rises to the level of a constitutional violation. Instead, his claims were based upon prison officials' decision to confiscate his materials. This showed, at most, an isolated negligent act, not pervasive violations of a right to free exercise of religion that rises to the level of a constitutional violation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009); *Peterson v. Lampert*, No. 11-8107, 2012 WL 4857050, at *1–2 (10th Cir. Oct. 15, 2012); *White v. Glantz*, No. 92-5169, 1993 WL 53098, at *2 (10th Cir. Feb. 25, 1993).

Even assuming confiscation of the notebook rose to the level of a constitutional violation, Nichols did not explain how the material or a prayer group were necessary to his worship and confiscation of the materials or denial of a prayer group were a substantial burden on his religious practice. (*See* Doc. 6 at 7–9.) He never described what the confiscated materials comprised, or how

3

their absence prevented him from practicing his religion. Nor did he make more than a generalized allegation that he tried to form a prayer group but was unsuccessful. (*Id.* at 7–9.) The Complaint and Amended Complaint did not show that his right to practice his religion was substantially burdened. *See Boles*, 486 F.3d at 1182. The Court concluded that the Complaint and Amended Complaint fail to state a claim that amounts to a free-exercise violation. (Doc. 6 at 9.)

Nichols also claimed that confiscation of his notebook violated his Eighth Amendment rights. (Doc. 1 at 5.) The Court determined that Nichols did not present any allegations that prison officials were deliberately indifferent to his health or safety by subjecting him to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). (Doc. 6 at 9–10.) The claims relating to confiscation of his notebook did not establish that there was any degree of actual or potential injury or that society considers to be so grave that they violate contemporary standards of decency. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993); *see also Estelle v. Gamble*, 429 U.S. 97, 102, (1976). The Court dismissed the Eighth Amendment claims in the Complaint and Amended Complaint for failure to state a claim for relief. (Doc. 6 at 9–10.)

Nichols's Complaint and Amended Complaint fail to state a sufficient claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court dismissed the claims and granted Nichols an opportunity to amend to remedy the defects in his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). The Court notified Nichols that failure to file an amended complaint within 30 days could result in final dismissal of this action without further notice. (Doc. 6 at 10–11.) Nichols has failed to file any amended complaint within the time allowed by the Court and has not communicated with the Court. Therefore, the Court will dismiss the Complaint and Amended Complaint with prejudice.

4

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint and Amended Prisoner's Civil Rights Complaint filed by Plaintiff Jacob E. Nichols. (Docs. 1, 5) are **DISMISSED** with prejudice and judgment will be entered.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE